**Frunzi v. Muller**

*Roberta D. Pichini,* for plaintiffs.

*Donald N. Camhi, Paul A. Bechtel, Matthew C. Wilson* and *Amalia C. Romanowicz,* for defendants.

BERNSTEIN, *J.,* September 25, 2003—Defendants, Jeanes Hospital and Temple University Health Systems Inc., have moved this court to compel answers to supple-

mental interrogatories concerning the certificate of merit filed by plaintiff. These interrogatories do not ask whether the author of the statement giving rise to the certificate of merit will be called to testify at trial. Rather, these interrogatories seek to ascertain the credentials of the author. The interrogatories ask for information about the author's license to practice medicine, his or her medical practice, his or her specialty, subspecialty, board certifications and other curriculum vitae information.

Rule 1042 of the Rules of Civil Procedure promulgated by the Supreme Court of January 27, 2003, governs professional liability actions. These rules, at Rule 1042.3 require the filing of a certificate of merit with or after filing a complaint. These rules also preclude discovery of the credentials of the author of the report on which the certificate of merit is based until the final conclusion of the case. Rule 1042.7, entitled "Sanctions," states that 30 days after a defendant is dismissed through "voluntary dismissal, verdict or order of the court," the defendant may request the written statement upon which the certificate of merit was based. The rule further provides that the statement may not be required by any dismissed party until 30 days after resolution of all claims in the matter. Resolution of all claims is the conclusion of trial and all appeals. Neither the rule nor the commentary note provide any support for pretrial discovery concerning the identity or curriculum vitae of the author.

The defense claims that the note appended to Rule 1042.7 permits discovery of a limited nature while the case is pending. This note states that Rule 4003.5 of the Rules of Civil Procedure, which governs the discovery of expert testimony, is applicable to the written state-

ment of licensed professionals: "until a defendant has been dismissed from the case."

Pennsylvania Rule of Civil Procedure 4003.5 specifically limits discovery of facts known and opinions held by an expert retained by a party in litigation. It specifically limits discovery at 4003.5(a)(1)(a) to "each person whom the other party expects to call as an expert witness at trial." This limitation upon discovery is referred to in the commentary to Rule 1042.7. The note to Rule 1042.7 does not in any way expand the clear language of the rule itself prohibiting any discovery concerning the certificate of merit. Rather, the note clarifies the fact that Rule 1042.7 does not in any way expand otherwise permissible expert discovery.

Obviously, if plaintiff intends to call the individual who authored the statement as an expert at trial, plaintiff would have to respond with information about that expert pursuant to properly filed interrogatories under Rule 4003.5. Nothing precludes proper discovery if the licensed professional upon whose report the certificate of merit was based will be called as a witness at trial.

Clearly, however, the rules preclude any interrogatories seeking the identity or the credentials of the licensed professional upon whose opinion the certificate of merit was based until the conclusion of the case. The defendant's motion to compel is denied.